OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 26, 2002

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0472

Re: Whether recently enacted Occupations Code, section 1704.152(c)(2) excepts the relative of a deceased bail bond licensee from requirements of chapter 1704 other than work-experience and course-work eligibility requirements (RQ-0445-JC)

Dear Mr. Curry:

On behalf of the bail bond board in your county, you ask about the application of chapter 1704 of the Occupations Code, regulating bail bond sureties, to individuals who inherit the bail bond business of a deceased relative.[1] Specifically, you ask whether recently enacted section 1704.152(c)(2), which exempts some survivors from certain licensing eligibility requirements, excepts those individuals from any other requirements of chapter 1704. *See* TEX. OCC. CODE ANN. § 1704.152(c)(2) (Vernon 2002). We conclude that the exception is limited in scope to the work-experience and course-work eligibility requirements for licensing and does not authorize any other exceptions to chapter 1704.

A person may not act as a bail bond surety in a county unless the person holds a license under chapter 1704. *See id.* § 1704.151 ("Except as provided by Section 1704.163, a person may not act as a bail bond surety in the county unless the person holds a license issued under this chapter."). The only exception to the licensing requirement is for an attorney who executes a bail bond for a client. *See id.* § 1704.163. A person who wishes to be licensed under chapter 1704 must submit an application to the county bail bond board, which has the authority to review and grant or deny the application. *See id.* §§ 1704.154 (license application), .157-.159 (board review of license applications).

Section 1704.152 specifies that to be eligible for a license, an individual must:

(a) . . . .

(1) be a resident of this state and a citizen of the United States;

---

[1] Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Oct. 3, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

(2)   be at least 18 years of age;

(3)   possess the financial resources required to comply with Section 1704.160, unless the individual is acting only as agent for a corporation holding a license under this chapter; and

(4)   have, in the two years preceding the date a license application is filed:

(A)   at least one year of continuous work experience in the bail bond business; and

(B)   completed at least eight hours of continuing legal education in criminal law courses or bail bond law courses that are approved by the State Bar of Texas and that are offered by an institution of higher education accredited by the state.

*Id.* § 1704.152(a).   The legislature added the subsection (a)(4) work-experience and course-work eligibility requirements in the last session, in Senate Bill 1119.  In the same bill, the legislature also made an exception to those eligibility requirements, providing in subsection (c) of section 1704.152:

(c)   Subsection (a)(4) does not apply to the issuance of an original license:

(1) in a county before the first anniversary of the date a board is created in the county; or

(2) to an individual who applies to operate the bail bond business of a license holder who has died if the individual is related to the decedent within the first degree by consanguinity or is the decedent's surviving spouse.

*Id.* § 1704.152(c); *see also* Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, § 3, sec. 1704.152, 2001 Tex. Sess. Law Serv. 2839 (amending section 1704.152 by adding subsections (a)(4) and (c)).

You ask about newly-added subsection (c)(2) of section 1704.152, which excepts from the work-experience and course-work eligibility requirements of subsection (a)(4) "an individual who applies to operate the bail bond business of a license holder who has died if the individual is related to the decedent within the first degree by consanguinity or is the decedent's surviving spouse." TEX. OCC. CODE ANN. § 1704.152(c)(2) (Vernon 2002).  You ask, in essence, whether subsection (c)(2) is limited to excepting a deceased licensee's relative from the work-experience and course-work requirements of subsection (a)(4), or whether a bail bond board may also except such an individual

from other chapter 1704 requirements. *See* Request Letter, *supra* note 1, at 2. You ask, for example, if a deceased licensee's relative may continue to enter into surety bonds under the license of the deceased and whether he or she may be excepted from other licensing requirements and may use the deceased licensee's bond writing ratio, which is based in part on how many years a surety has been licensed, *see* TEX. OCC. CODE ANN. § 1704.203 (Vernon 2002). *See* Request Letter, *supra* note 1, at 2-3.

We conclude that subsection (c)(2) is limited to excepting the relative of a deceased licensee who applies for a license from the work-experience and course-work requirements of subsection (a)(4) and that a bail bond board may not extend this exception by rule.

First, subsection (c)(2) on its face provides relatives of deceased licensees' with only very limited relief from the chapter 1704 regulatory scheme. It states that "[s]*ubsection (a)(4) does not apply to the issuance of an original license* . . . to an individual who applies to operate the bail bond business of a license holder who has died if the individual is related to the decedent within the first degree by consanguinity or is the decedent's surviving spouse." TEX. OCC. CODE ANN. § 1704.152(c)(2) (Vernon 2002) (emphasis added). Furthermore, subsections (a)(4) and (c) were added to section 1704.152 in the same legislation, in the same section. *See* Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, § 3, sec. 1704.152, 2001 Tex. Sess. Law Serv. 2839. Clearly, the legislature intended in subsection (c) to provide an exception only to the work-experience and course-work eligibility requirements set forth in subsection (a)(4). The legislative bill analyses are entirely consistent with this conclusion. *See, e.g.,* SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 1119, 77th Leg., R.S. (Apr. 9, 2001) (as Introduced) (*"Provides that Subsection (a)(4)* does not apply . . . to an individual who applies to operate the bail bond business of a license holder who has died if the individual is related to the decedent within the first degree by consanguinity or is the decedent's surviving spouse.") (emphasis added); *Id.* (June 19, 2001) (as Enrolled) (same).

Second, you suggest that the bail bond board in your county could extend the exception for relatives of deceased licensees to other chapter 1704 requirements pursuant to its rule-making authority. *See* Request Letter, *supra* note 1, at 2. It may not. Chapter 1704 provides that a county bail bond board may adopt rules *"necessary* to implement this chapter." TEX. OCC. CODE ANN. § 1704.101(4) (Vernon 2002) (emphasis added). The rules suggested by your letter are contrary to chapter 1704 and therefore exceed the board's rule-making authority. Chapter 1704 expressly requires any person who acts as a bail bond surety, with the exception of an attorney, to hold a license. *See id.* § 1704.151 ("Except as provided by Section 1704.163, a person may not act as a bail bond surety in the county unless the person holds a license issued under this chapter."). Section 1704.152(c)(2) does not provide an exception to that absolute rule and cannot be construed to authorize a surviving relative to continue to enter into surety bonds under the license of the deceased. Indeed, the legislature's inclusion of this exception in the chapter 1704 provision regarding eligibility for licensing indicates that the legislature contemplated that relatives who wish to continue bail bond businesses of deceased family members must apply to obtain their own licenses.

## S U M M A R Y

Section 1704.152(a) of the Occupations Code establishes eligibility requirements for individuals who apply to obtain a bail bond license from a county bail bond board. Recently enacted subsection (c)(2) of section 1704.152 excepts the relative of a deceased bail bond licensee from the work-experience and course-work requirements of subsection (a)(4). The new provision does not except the relative of a deceased bail bond licensee from any other requirements of chapter 1704 of the Occupations Code. A bail bond board may not by rule extend this exception for the relatives of deceased licensees to other chapter 1704 requirements.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee